# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ADELINA PLOUGH,<br>*Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL NO.  26-1175 |
| | : | |
| HOME DEPOT U.S.A., INC.,<br>*Defendants.* | : | |

**Scott, J.**                                                                                            **July 9, 2026**

## MEMORANDUM

On February 24, 2026, Defendant Home Depot U.S.A., Inc. filed a notice of removal, removing this case to federal court.  Less than a month later, Plaintiff Adelina Plough filed a motion to remand to state court, which is now ripe for disposition.  For the reasons explained below, the Court denies the motion to remand.

## I.       Background

The Court limits its summary of the facts to those relevant for this Memorandum.  On September 25, 2025, the Parties to this lawsuit participated in a voluntary and ultimately unsuccessful mediation, where Plough's counsel verbally relayed to Home Depot's counsel a settlement demand of $1.5 million.  ECF No. 7 ¶ 7.  Home Depot confirmed receipt of the demand on October 8, 2025.  *Id.* ¶ 8.

Plough filed the instant suit on December 10, 2025 in the Court of Common Pleas of Philadelphia County.  ECF No. 7 ¶ 2.  She served the Complaint on Defendants by December 22, 2025. *Id.* ¶ 3.  The Complaint did not contain a precise demand or damages amount but only stated that Plough sought damages in excess of fifty thousand dollars.  ECF No. 1-6 at 7.  On February 20, 2026, Plough filed a Case Management Conference Memorandum in state court in which she

listed her demand at $2.25 million dollars.  ECF No. 1-7 at 2.  Home Depot filed its notice of removal to federal court on February 24, 2026.

## II.    Legal Standard

A plaintiff may file a motion to remand any time before final judgment is entered.  28 U.S.C. § 1447(c).  The party asserting jurisdiction bears the burden of proving that the matter belongs in federal court.  *Callery v. HOP Energy, LLC*, 620 F. Supp. 3d 223, 226 (E.D. Pa. 2022).

Under 28 U.S.C. § 1441, "any civil action brought in a State Court . . . may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."  One basis for removal is diversity jurisdiction, which occurs when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1). Although defendants generally have thirty days after receiving the complaint to remove an action to federal court, defendants have more time when a complaint does not establish whether the controversy exceeds $75,000.  Under 28 U.S.C. § 1446(b)(3), a defendant may remove a case to federal court within 30 days of receiving "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."

## III.    Discussion

The issue before the Court is whether pre-Complaint communications between counsel qualify as "other paper" for the purpose of notifying Home Depot of the amount in controversy.[1] If they do, then removal is untimely because Home Depot had a sense of the amount in controversy as early as September or October 2025 as a result of the Parties' mediation efforts.  If they don't,

---

[1] The Parties do not appear to dispute diversity of citizenship, so the Court does not focus on that element.

then Home Depot's argument carries the day and removal is timely. Here, the Court sides with Home Depot.

There is an undeniable absurdity to Plough's position. Because Home Depot was on notice of the $1.5 million demand by October 2025, Home Depot would have been required to remove the case to federal court by November 2025, well before the complaint was filed, well before Home Depot was served the complaint, and well before Plough articulated whether her demand exceeded $75,000 in this case. Indeed, other Courts that have confronted this issue have likewise noticed the heads-I-win, tails-you-lose bind that Plough's position puts litigants in. *See, e.g., Sultan v. AIG Casualty Ins.*, 2020 WL 4584174, at *3 (E.D. Pa. Aug. 10, 2020) ("[T]he Court will not interpret § 1446 in a manner that produces such an absurd result."); *Carvalho v. Equifax Information Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("It is axiomatic that a case cannot be removed before its inception.").

Because "other paper" does not encompass pre-Complaint communications, the Court must determine when, at the earliest, Home Depot was on notice of the reasonable estimate of Plough's claim for purposes of starting the removal clock. The Complaint itself is too vague, only suggesting that the amount exceeds $50,000. *See* ECF No. 1-6 at 7. Instead, the Court finds that Plough first articulated that her demand exceeded $75,000 on February 20, 2026, when she filed a Case Management Conference Memorandum that described her demand as $2.25 million. ECF No. 1-7 at 2.

Home Depot's removal—which occurred on February 24, 2026, a mere four days after Plough clarified that her demand made the case eligible for removal—is therefore timely.

IV.    **Conclusion**

The Court denies Plough's motion to remand (ECF No. 7). An appropriate order follows.

3